**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                  CASE NO. 16-20062
                                           HON. DENISE PAGE HOOD

v.

JEROME HAMILTON, et al.,

        Defendants.

_____/

**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE FOR PERMISSION TO RECALL WITNESSES UNDER FRE 611(a) [#348]**

The Government recently filed a motion in limine seeking the Court's permission to recall one or more of its witnesses at trial in order to present the testimony of the witness(es) in separate installments. The Government relies on Federal Rule of Evidence 611(a), which provides:

> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
>     **(1)** make those procedures effective for determining the truth;
>     **(2)** avoid wasting time; and
>     **(3)** protect witnesses from harassment or undue embarrassment.

Defendant Hamilton filed a response in opposition to the Government's motion.

It is well-established that "[t]he district court must have considerable discretion in controlling the mode and order of the proof at trial." *United States v. Lash*, 937 F.2d

1077, 1087 (6th Cir. 1991). As the Government recognizes, some courts have permitted the government to recall its witnesses – in particular, its case agent – when necessary to present the evidence effectively during a long trial. *See, e.g. United State v. Kilpatrick, et al.*, No. 10-20403 (E.D. Michigan). The Government maintains that, by having permission to recall its witnesses (at this time, the Government has only indicated that it wants to utilize its case agent in this manner), it will be easier to try the case in installments, which will make it easier for the jury to "follow[] the evidence in a complicated case." [Dkt. No. 348, PgID 1808] The Government contends that this will make the trial presentation more "effective for the ascertainment of the truth." Citing Rule 611(a).

Hamilton counters that, when a witnesses is recalled numerous times during trial, "the recalled witness becomes the jury's old friend and mentor, so that his or her credibility is unfairly enhanced thereby." [Dkt. No. 351, PgID 1816] Hamilton contends that a recalled witness will not simply offer uncontested factual testimony because the witness(es) will be introducing the evidence upon which other witnesses will testify. Defendant argues that it is not even clear what testimony the Government seeks to introduce, even though it is the Government's burden to specify the testimony and witnesses – if any, aside from the case agent – that will aid the jury's understanding of the case. *See, e.g., United States v. Baker*, 2010 WL 3173036, at *4

(N.D. Ill. 2010). Defendant states that there is no way of knowing whether the testimony of the recalled witness(es) will be limited or will unfairly enhance the witness's testimony due to his or her repeated appearances.

The Court is not persuaded that granting the Government the right to recall witnesses to give testimony episodically or via installments is warranted or appropriate in the instant case. First, jurors are permitted to take notes during trial. Second, as Hamilton notes, there is a danger that a witness who frequents the witness stand, particularly one who is guiding or shepherding the evidence at trial (which seems likely to occur in this case), will become unfairly credible, reliable, or familiar simply by virtue of repeated appearances. Third, the Court believes that repeatedly calling the same witness may needlessly waste the time of jurors, the parties, and the Court. The Court believes it likely that, if a witness testifies intermittently, there would be overlapping testimony due to the recurring witness being asked to tie together one installment with another installment previously addressed if one or more witnesses testify intermittently. The Court denies the Government's Motion.

Accordingly,

IT IS ORDERED that the Government's Motion in Limine for Permission to Recall Witnesses Under Rule 611(a) [Dkt. No. 348] is **DENIED**.

IT IS ORDERED.

                                    S/Denise Page Hood
                                    Chief Judge, United States District Court

Dated:  April 18, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2017, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager